## IN THE COURT OF APPEALS OF IOWA

No. 18-1619
Filed November 21, 2018

**IN THE INTEREST OF C.W., J.W., D.W., and A.W.,**
**Minor Children,**

**K.W., Mother,**
    Appellant,

**J.W., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A mother and father appeal the termination of their parental rights to their children. **AFFIRMED ON BOTH APPEALS.**

Barbara E. Maness, Davenport, for appellant mother.

Victoria D. Noel of The Noel Law Firm, PC, Clinton, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Neill A. Kroeger, Le Claire, guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ. Tabor, J., takes no part.

**VAITHESWARAN, Judge.**

A mother of four children and the father of three of those children left their children with relatives and moved out of state. The State filed a child-in-need of-assistance petition. A department of human services employee attested this was not the first time the parents relinquished care of the children. This time, according to the employee, the parents admitted to the relatives that "they were unable to care for the children due to methamphetamine use and homelessness."

The district court adjudicated the children in need of assistance. The children remained in their relatives' care throughout the proceedings.

The parents returned to Iowa after several months but declined to participate in all the supervised visits offered them and failed to fully avail themselves of other reunification services. A year into the proceedings, the department reported "a level of instability [that] subjected the children to unsafe and unstable conditions." The department cited "a long history of substance abuse and mental health issues as well as domestic violence."

The State filed a petition to terminate parental rights. By the time of the hearing on the petition, the children had been out of the parents' custody for seventeen months. The district court granted the termination petition and both parents appealed.

## I.    *Mother*

The district court terminated the mother's parental rights to her four children—born in 2006, 2008, 2012, and 2013—pursuant to Iowa Code section 232.116(1)(f) (2017). The provision requires proof of several elements, including proof "that at the present time the child[ren] cannot be returned to the custody of

the child[ren]'s parent." On appeal, the mother argues (1) the record lacks clear and convincing evidence to support the ground for termination cited by the court, (2) the department did not make reasonable efforts to facilitate reunification, and (3) termination was not in the children's best interests.

The mother essentially conceded the elements of section 232.116(1)(f). At the termination hearing, she was asked, "[H]ow long do you think it would be until you're ready to have the kids back?" She answered, "I would say about three months." She agreed she had already received more than one three-month extension but stated, "I'm not in a place right now where . . . I'm all the way ready, and that's really hard to admit because I should be." When asked what she wanted the court to do, she stated, "I would like a three-month continuance to prove my stability." Based on her testimony, the district court appropriately concluded the children could not be returned to her custody.

In reaching this conclusion, we have considered the mother's contention that the department should have done more to promote visits with the older two children, who declined to interact with her. *See In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) ("The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." (quoting *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000))). This contention would hold more sway if the mother had actively sought out visits. She only saw the children nine times during a one-year period, even though the department afforded her one visit per week after her return to Iowa. Although her attendance improved as the termination hearing drew near and her limited supervised interaction with the younger two children was positive, the relatives' home was the only stable home the children

knew.  In addition, the department employee handling the case testified that, until a week before the termination hearing, the mother did not reach out to the children's therapists to determine if there was anything she could do to repair her relationship with the older two children.  *See id.* at 840 ("A parent's objection to the sufficiency of services should be made 'early in the process so appropriate changes can be made.'" (citation omitted)).  Based on this record, we conclude the department did not violate its reasonable-efforts mandate.

We are left with the mother's contention that termination was not in the children's best interests.  *Id.*  The mother agreed the relatives provided a stable, healthy environment for the children throughout the proceedings.  She also agreed the bond with the older two children "definitely has been diminished," given her lack of consistency.  In light of the extensions the district court previously afforded her and the mother's admission that she had yet to attain reunification goals, we conclude termination was in the children's best interests.

## II.    Father

The father is the biological parent to all but the oldest child.  The district court terminated his parental rights pursuant to two statutory grounds.  He only challenges the sufficiency of the evidence supporting one of them.  Accordingly, we may affirm the termination decision under the unchallenged ground, Iowa Code section 232.116(1)(f).  *See In re M.W.*, 876 N.W.2d 212, 222 (Iowa 2016) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." (quoting *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012))).  Notably, the evidence supporting that ground was overwhelming.  Like the mother, the father

did not ask the court to have the children immediately returned to his custody. Instead, he asked for an extension of time to complete the case plan objectives or, alternatively, the creation of a guardianship with the relatives who were caring for the children. Section 232.116(1)(f) was satisfied, and we need not address the remaining ground.

The father also argues termination was not in the children's best interests. But he, too, struggled with lack of consistency and stability. He saw his children twice in seven months. After that point, he attended visits only sporadically. When asked if any bond he had with the children was diminished by his limited attendance, he acknowledged, "The two older [children] have never come to a visit, so there was [no bond] to diminish." The father also failed to complete a substance abuse evaluation. He testified he began renting a room two months before the termination hearing and conceded it would take him "probably no more than three months" to obtain a secure location. We conclude termination was in the children's best interests.

Finally, the father asserts the district court should have granted him an extension of time to facilitate reunification. Given the father's failure to avail himself of all the offered services, we conclude an extension was not warranted.

We affirm the termination of the parents' rights to their children.

**AFFIRMED ON BOTH APPEALS.**